UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SPARKY'S STORAGE SOLUTIONS, LTD., | § § § | |
| Plaintiff | § § | |
| VS. | § § | |
| LEXINGTON INSURANCE COMPANY, MCLARENS, INC. D/B/A MCLARENS GLOBAL CLAIMS SERVICE and TIM FITZGERALD, | § § § § § § | Civil Action No. 2:16-CV-22 |
| Defendants | § | |

## NOTICE OF REMOVAL BY DEFENDANT LEXINGTON INSURANCE COMPANY

Defendant, Lexington Insurance Company ("Lexington") desires to exercise its right under the provisions of Title 28 U.S.C. § 1441, *et seq.*, to remove this action from the 251st Judicial District Court of Randall County, Texas, in which said cause is now pending under Cause No. 69346C; *Sparky's Storage Solutions, Ltd. v. Lexington Insurance Company, McLarens, Inc. d/b/a McLarens Global Claims Service and Tim Fitzgerald.* In support of its request to remove this action, Lexington states as follows:

1. This action is removable because (i) there is complete diversity of citizenship between the plaintiff and the parties properly joined as defendants, and (ii) the damages alleged are in excess of $75,000.00. Accordingly, this matter is within the original jurisdiction conferred on this Court pursuant to 28 U.S.C. § 1332.

2. On December 23, 2015, Plaintiff filed an action styled Cause No. 69346C; *Sparky's Storage Solutions, Ltd. v. Lexington Insurance Company, McLarens, Inc. d/b/a*

*McLarens Global Claims Service and Tim Fitzgerald;* in the 251st Judicial District Court of Randall County, Texas.

3.   The Petition was received by Lexington Insurance Company on January 8, 2016, and received by McLarens and Tim Fitzgerald on January 6, 2016.  This Notice of Removal is filed timely under 28 U.S.C. § 1446(b).

4.   The Petition names three defendants.  The first named defendant is the Lexington Insurance Company.  Lexington is incorporated in the state of Delaware, with its principal place of business in Boston, Massachusetts.  Thus, pursuant to 28 U.S.C. § 1332(c)(1), Lexington is a citizen of Delaware and Massachusetts.

5.   The second named defendant is McLarens, Inc. d/b/a McLarens Global Claims Service.  McLarens is incorporated in Delaware, with its principal place of business in Norcross, Georgia.  Thus, pursuant to 28 U.S.C. § 1332(c)(1), McLarens is a citizen of Delaware and Georgia.

6.   The third named defendant is the individual Tim Fitzgerald.  Mr. Fitzgerald is a resident of Texas, residing in the Dallas area.  Fitzgerald has been fraudulently joined as a defendant.  *Smallwood v. Ill. Cent. R.R.,* 385 F.3d 568, 573 (5th Cir. 2004).  The plaintiff is unable to establish a cause of action against Fitzgerald under the facts pled in this case.[1]   He has been joined solely for the purpose of defeating the diversity jurisdiction of this Court.

---

[1] A plaintiff must do more than simply allege legal conclusions and recite elements of causes of action. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555, 578 n.3 (2007).  Allegations that are merely consistent with unlawful conduct are insufficient, the facts pleaded must suggest liability. *Id.* at 566-69.  Examples of cases in which the courts ruled that the improper joinder of an insurance adjuster or other representative or employee of an insurance company was improper (fraudulent) are: *Griggs v. State Farm Lloyds,* 181 F.3D 694 (5th Cir. 1999); *Caravan Inn, LLC v. Acceptance Indemnity Insurance Co.,* 4:15-CV-944-A, (N.D. Tex. Jan 28, 2016); *Fernandez v. Allstate fire and Casualty Ins. Co.,* No. 3:15-CV-2689, 2015 WL 6736675 at *4 (N.D. Tex. Nov. 4, 2015); *Okenkpu v. Allstate Tex. Lloyds,* No. H-11-2376, 2012 WL 1038679 (S.D. Tex. Mar. 27, 2012).  Here, the factual allegations are insufficient to support a cause of action in addition to the fact that many of Plaintiff's allegations impose duties upon Mr. Fitzgerald which do not exist (i.e. the requirement to pay pursuant to the contract).

7. The plaintiff is Sparky's Storage Solutions. The plaintiff is a Texas Domestic Limited Partnership conducting business in Randall County, Texas. Plaintiff's General Partner is ERS Development, Inc. a Texas for-profit corporation. There is no indication that any limited partner of Plaintiff is a resident of any jurisdiction other than Texas.

8. Generally, the amount in controversy in a given action is determined from the Complaint itself, unless it appears that the amount stated in the Complaint is not claimed in good faith. *See Horton v. Liberty Mutual Insurance Co.*, 367 U.S. 348, 353 (1961). When the complaint does not include the amount of damages sought, a defendant may prove the amount exceeds $75,000 in one of several ways: (i) by showing that it is facially apparent from the Petition that the claims are more than $75,000, or (ii) by setting out facts supporting a finding that the amount in controversy has been met. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). It is the sufficiency of jurisdictional facts supporting removal *at the time the case is removed* that are key to the analysis. *Gebbia v. WalMart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

9. In this case, Plaintiff specifically alleges that it "seeks monetary relief over $1,000,000" therefore it is facially apparent from the Petition that the claims are more than $75,000. As such, federal diversity jurisdiction exists. Defendant is entitled to remove this case pursuant to 28 U.S.C. §§ 1332 and 1441.

10. This action should be removed to this Court pursuant to 28 U.S.C. § 1441 inasmuch as there is complete diversity of citizenship between the plaintiff and the parties properly joined as defendants, and the judgment value of damages sought by plaintiff is in excess of the jurisdictional limit.

11.     Pursuant to LR 81.1 of the Northern District of Texas, Defendant is filing with this Notice of Removal the following:

(1)     A completed civil cover sheet and supplemental civil cover sheet;

(2)     An index of all documents that clearly identifies each document and indicates the date the document was filed in state court;

(3)     A copy of the docket sheet in the state court action;

(4)     Each document filed in the state court action, tabbed and arranged in chronological order;

(5)     A separately signed certificate of interested persons.

12.     Defendant has given or is in the process of giving notice of the filing of this Notice of Removal to the State Court and to the Plaintiff.

13.     Defendant respectfully requests that this Court take jurisdiction in this civil action to its conclusion to the exclusion of any further proceedings in the State Court in accordance with federal law.

WHEREFORE, LEXINGTON INSURANCE COMPANY respectfully requests that this Court remove this action from the 251st Judicial District Court of Randall County, Texas to the United States District Court for the Northern District of Texas, Amarillo Division.

Respectfully submitted,

 /s/ *Raymond L. Gregory*
Raymond L. Gregory II Attorney-in-Charge
State Bar No.08438275
Federal Bar No. 12879
**EGGLESTON & BRISCOE, LLP**
333 Clay Street, Suite 4800
Houston, Texas 77002
713/659-5100 - Telephone
713/951-9920 - Facsimile
rlg2@egglestonbriscoe.com

ATTORNEY-IN-CHARGE FOR LEXINGTON INSURANCE COMPANY

OF COUNSEL:

David K. Loveless
State Bar No. 24060192
Federal Bar No. 1411854
dkl@egglestonbriscoe.com
EGGLESTON & BRISCOE, LLP
4800 Three Allen Center
333 Clay Street
Houston, Texas 77002
713.659.5100
713.951.9920 – fax

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Notice of Removal was served on the following counsel by certified mail, return receipt requested on the 5th day of February 2016, as follows:

Robert N. Grisham, II
William A. Kendall
Grisham & Kendall, PLLC
5910 N. Central Expressway
Premier Place – Suite 925
Dallas, Texas 75206
(214) 987-4098 – Fax
Robert@grishamkendall.com
wk@grishamkendall.com

    /s/ *Raymond L. Gregory*
Raymond L. Gregory II