IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| SPARKY'S STORAGE SOLUTIONS, LTD., | § § § | |
| PLAINTIFF, | § | |
| vs. | § § | CIVIL ACTION CAUSE NUMBER 2:16-CV-022-J |
| LEXINGTON INSURANCE COMPANY, *et al.*, | § § § | |
| DEFENDANTS. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR REMAND

Before the Court is the Plaintiff's motion for remand, on the grounds of a lack of subject matter jurisdiction caused by a lack of complete diversity, the Defendant's response in opposition, arguing improper joinder, and the Plaintiff's reply. Because the Court concludes that it lacks subject matter jurisdiction, Plaintiff's motion for remand is granted.

*Background Facts*

Plaintiff seeks damages for the alleged mishandling of a valid insurance claim for hail storm damage to its property. Specifically, Plaintiff asserts causes of action against Defendant Tim Fitzgerald for Texas Insurance Code and Texas Deceptive Trade Practice Act (DTPA) violations. Plaintiff alleges that a hail storm damaged Plaintiff's property, which was insured under a policy issued by Lexington Insurance Company. Plaintiff filed a claim on the policy for damages caused by the storm. Lexington assigned Defendants McLarens and Fitzgerald to adjust the claim. Plaintiff alleges that Defendants made numerous errors in estimating the value of Plaintiffs claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Additionally, Plaintiff alleges that McLarens and Fitzgerald conducted a substandard inspection of the property, ignored evidence of damage, and grossly undervalued damages contained in the

damages estimate. Plaintiff further alleges that Defendant Lexington failed to thoroughly review the damage report and to properly supervise McLarens and Fitzgerald, and wrongfully concluded that Plaintiff should not be paid as required under the insurance policy. These acts, Plaintiff contends, ultimately led to a significant underpayment of Plaintiff's claim.

Lexington removed the case to this Court. In its notice of removal, Lexington argued that removal was proper pursuant to 28 U.S.C. § 1441 because this Court has diversity jurisdiction over the case. It is not disputed that Plaintiff is a citizen of Texas, Defendant Lexington is a citizen of Delaware and Massachusetts, Defendant McLarens is a citizen of Delaware and Georgia, and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a) (2015).

However, it is also undisputed that Defendant Fitzgerald is a citizen of Texas, which normally precludes a finding of complete diversity. Nevertheless, in its removal notice Lexington argued that Fitzgerald's Texas citizenship is irrelevant and should be disregarded for the purposes of removal because he was improperly joined by Plaintiff. Specifically, Lexington argued Plaintiff failed to allege a valid state law cause of action against Fitzgerald. Plaintiff's motion to remand contends that Fitzgerald was properly joined as a party-defendant in this action, and therefore complete diversity of citizenship is lacking. Defendants filed a response arguing Plaintiff failed to allege specific conduct by Fitzgerald sufficient to hold him individually liable and he was, therefore, improperly joined. Because it is undisputed that Plaintiff and Fitzgerald are citizens of Texas, if he was properly joined in this lawsuit this Court lacks diversity jurisdiction.

*Discussion and Analysis*

A defendant may remove a case from state to federal court where there is federal subject matter jurisdiction and the removal procedure is properly followed. *See* 28 U.S.C. § 1441(a) (2015); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Conversely,

remand of a case from federal to state court is proper where the federal court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) (2015). A federal district court has subject matter jurisdiction over a case involving only state law claims– such as this case – where there is complete diversity of citizenship among the parties, and where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Complete diversity exists where "all persons on one side of the controversy [are] citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). If a plaintiff shares the same state citizenship as any one of the defendants, there is no complete diversity and the case is not removable to federal court. *See Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

Improper joinder is a limited exception to the requirement of complete diversity. *See Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). It allows a court to disregard an in-state defendant's citizenship when determining whether there is diversity jurisdiction. *See Salazar v. Allstate Tex. Lloyds's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004). Removal of a case from state to federal court is proper when the removing defendant can show that an in-state defendant was improperly or fraudulently joined by the plaintiff for the purpose of defeating diversity jurisdiction. *See Smallwood*, 385 F.3d at 572-73. The removing party bears the heavy burden of clearly proving improper joinder. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute must be strictly construed in favor of remand, and all doubts and ambiguities must be resolved against federal jurisdiction. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

To establish improper joinder as alleged here, Lexington must demonstrate that there is no reasonable basis for the district court to predict that Plaintiff might be able to recover against

Fitzgerald. *See Smallwood,* 385 F.3d at 573; *Travis,* 326 F.3d at 647-48. If a reasonable basis of recovery exists on even one cause of action, the Court must remand the entire suit to state court. *See Edwea, Inc. v. Allstate Ins. Co.,* No. H-10-2970, 2010 WL 5099607, at *2 (S.D. Tex. Dec. 8, 2010).

Under Texas law, insurance adjusters can be sued in their individual capacity for violations of Chapter 541 of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 487 (Tex. 1998); *Gasch v. Hartford Accident & Indem. Co.,* 491 F.3d 278, 283 (5th Cir. 2007). To recover against an adjuster, the plaintiff must demonstrate that the adjuster, as an individual, committed the violation that caused the harm. *See Hornbuckle v. State Farm Lloyds,* 385 F.3d 538, 545 (5th Cir. 2004).

This Court and other federal courts in the Fifth Circuit have previously held that an insurance adjuster was properly joined based on factual allegations similar to those made by Plaintiff in this case. *See New Life Assembly of God of City of Pampa, Tex. v. Church Mut. Ins. Co,* No. 2:15-CV-51-J, 2015 WL 2234890, at *7 (N.D. Tex. May 12, 2015); *Almeida v. Balboa Ins. Co.,* No. 7:12-CV-533, 2013 U.S. Dist. LEXIS 77840, at *4 (S.D. Tex., March 8, 2013). The plaintiffs' petitions in both *New Life Assembly of God* and *Almeida* contained specific allegations against the insurance adjuster for §541.060 violations including: (1) conducting a substandard investigation and inspection of the property; (2) preparing a report that failed to include all damages noted during the inspection; and (3) undervaluing the damages observed during the inspection. *New Life Assembly,* 2015 WL 2234890, at *6; *Almeida,* 2013 U.S. Dist. LEXIS 77840, at *7-8. The district courts held that the specific, factual allegations against the adjusters provided the courts a reasonable basis to predict that plaintiffs could recover against the adjusters for Insurance Code violations.

Here, Plaintiff's petition contains specific, factual allegations against Fitzgerald. Plaintiff alleges that he conducted a substandard inspection of the property, prepared an estimate that failed

to include all storm related damages, and grossly undervalued Plaintiff's damages. Further, Plaintiff alleges that Lexington failed to thoroughly review and properly supervise the claims adjustment process, approved an improper adjustment and inadequate settlement, and failed to note clear and obvious damage to Plaintiff's property. This conduct, Plaintiff contends, resulted in a wrongful conclusion that Plaintiff's claim should not be timely and adequately paid.

Resolving all factual disputes and ambiguities in Plaintiff's favor, the Court concludes that Plaintiff's factual allegations in the petition state a plausible claim against the non-diverse defendant. The allegations do have a basis in law and fact: a reasonable person could believe that the facts and allegations, if true, would entitle Plaintiff to relief under the Texas Insurance Code. *See Almedia,* 2013 U.S. Dist. LEXIS 77840, at *7-8. Accordingly, Plaintiff's petition "provides the Court a reasonable basis to predict that [Plaintiff] might be able to recover against [Fitzgerald]." *Newton v. State Farm Lloyds,* No. 4:13-cv-00074, 2013 WL 2408127, at *4 (S.D. Tex. May 31, 2013). Whether a plaintiffs' counsel previously pled the same causes of action and factual allegations in other cases is not relevant to the inquiry here.

While the allegations do not indisputably establish that any Defendant will be liable under Texas law for one or more of the alleged causes of action, this is not the test. Rather, the removing party carries the heavy burden of showing that Plaintiff has no reasonable possibility of recovery against Fitzgerald. *See Smallwood,* 385 F.3d at 573. Lexington has failed to meet that heavy burden. For all of the above-state reasons, the Court concludes that the removing party has not satisfied its heavy burden of establishing improper joinder under the specific facts of this lawsuit.

*Conclusion*

Defendants Lexington has failed to establish that Plaintiff will be unable to assert a cause of action against Fitzgerald under the Texas Insurance Code. The Court therefore concludes that the

removing party has not shown that Fitzgerald was improperly joined in this case. Because Plaintiff and Defendant Fitzgerald are citizens of Texas, complete diversity does not exist. This Court therefore lacks federal subject matter jurisdiction over this case.

Accordingly, Plaintiff's motion to remand is GRANTED, and this case is hereby remanded to the 251st Judicial District in and for Randall County, Texas.

It is SO ORDERED.


Signed this the ____9th____ day of November, 2016.


_____
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE